# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>v.<br><br>LAUREANO SILVESTRE DIAZ-GAMA,<br><br>                     Defendant. | Case No. 13cr1843-MMA<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR EXPUNGEMENT**<br><br>[Doc. No. 27] |

      In June 2013, Defendant Laureano Silvestre Diaz-Gomez ("Defendant") pleaded guilty to a two-count Information charging him with improper entry and reentry by an alien in violation of 8 U.S.C. § 1325.  *See* Doc. Nos. 19, 22.  The Court sentenced Defendant to time served on both counts to run concurrently.  *See* Doc. No. 25.  On April 24, 2023, Defendant, proceeding *pro se*, filed a motion for expungement, seeking an "Order of Discharge and Dismissal/Expungement" of the "above caption[ed] proceedings."  Doc. No. 27 at 1.

      Defendant says he brings this motion "[h]aving complied with the period of supervision release order" and "completed the orderly Supervised Probatiory Period." *Id*.  Defendant requests "that the Court issue a formal Order that the arrest for the offenses, the institution of criminal proceedings against the defendant in Federal Court,

1  and the results thereof, be expunged from all official records, except the non-public
2  records to be retained by then Department of Justice pursuant to 18 U.S.C. § 3607(b)."
3  *Id.* at 2.
4      "[A] defendant who seeks expungement requests 'the judicial editing of history.'"
5  *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004) (quoting *Rogers v. Slaughter*,
6  469 F.2d 1084, 1085 (5th Cir. 1972)).  When a defendant moves to expunge records, he
7  or she asks the court to destroy or seal the records of the fact of the defendant's
8  conviction, not the conviction itself.  *Id.* (citations omitted).  "Accordingly, expungement,
9  without more, does not alter the legality of the previous conviction and does not signify
10  that the defendant was innocent of the crime to which he pleaded guilty." *Id.*
11     "Congress has not expressly granted to the federal courts a general power to
12  expunge criminal records." *Id.* at 793.  Courts may expunge records of criminal
13  conviction by statute, where Congress has set the conditions for expungement in
14  particular cases, such as minors facing certain drug possession charges.  *Id.* at 792.  If no
15  such statute exists or applies, then courts may exercise their inherent authority "to
16  expunge criminal records in appropriate and extraordinary cases." *Id.* at 793; *see also*
17  *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000) ("[D]istrict courts possess
18  ancillary jurisdiction to expunge criminal records. That jurisdiction flows out of the
19  congressional grant of jurisdiction to hear cases involving offenses against the United
20  States pursuant to 18 U.S.C. § 3231.").  Specifically, the court's inherent authority to
21  expunge is "limited to expunging the record of an unlawful arrest or conviction, or to
22  correct clerical error." *Crowell*, 374 F.3d at 793 (quoting *Sumner*, 226 F.3d at 1014).
23  The Ninth Circuit has also held that federal courts do not have the inherent power to
24  expunge a record of a valid arrest and conviction "solely for equitable considerations."
25  *Sumner*, 226 F.3d at 1014.
26     To begin, Defendant stipulated to detention pending trial and therefore was not
27  subject to pretrial supervision by United States Probation. *See* Doc. No. 6.  Additionally,
28  based upon the Judgment of Conviction, *see* Doc. No. 25, Defendant was not sentenced

to probation or any term of supervised release. So it is unclear what Court-ordered supervision Defendant allegedly complied with. In any event, such compliance is not a basis for expungement.

Defendant references Title 18 of the United States Code, section 2307(b), which reads, in full:

> **(b) Record of disposition.** A nonpublic record of a disposition under subsection (a), or a conviction that is the subject of an expungement order under subsection (c), shall be retained by the Department of Justice solely for the purpose of use by the courts in determining in any subsequent proceeding whether a person qualifies for the disposition provided in subsection (a) or the expungement provided in subsection (c). A disposition under subsection (a), or a conviction that is the subject of an expungement order under subsection (c), shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, or for any other purpose.

18 U.S.C. § 3607(b).

Subsection (a) provides that a person found guilty of an offense described in 21 U.S.C. § 844 ("Section 404") may be placed on pre-judgment probation for one year if certain conditions are met. *Id.* § 3607(a). Subsection (c) in turn requires that a court expunge the records of a person who committed a Section 404 crime when that person was less than twenty-one years old and subject to subsection (a)'s disposition. *Id.* § 3607(c).

Section 404 is entitled "Penalty for simple possession" and relates to the possession of controlled substances. Nothing in Section 404 describes improper entry by an alien. Defendant also did not receive a deferred adjudication. Further, it does not appear on the present record that Defendant was less than twenty-one years old at the time of the instant offense. *See* Doc. No. 1-1 at 2 (identifying Defendant's date of birth). Section 3607 is therefore inapplicable to Defendant's case.

Consequently, Defendant fails to direct the Court to an appliable statute providing for expungement and having reviewed the relevant law, the Court finds that none are

appropriate to Defendant's particular case.  Additionally, Defendant does not explain how this is an extraordinary case permitting the Court to exercise its inherent authority to expunge his records.  Neither Defendant's arrest nor conviction were unlawful, and there is no apparent clerical error.  Accordingly, the Court lacks the jurisdiction and authority to grant Defendant the relief he seeks and **DENIES** his motion.

      **IT IS SO ORDERED**.

Dated:  April 27, 2023

*[signature]*

    HON. MICHAEL M. ANELLO
    United States District Judge